UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| GABRIEL MIGUEL BROTONS,<br><br>    Petitioner,<br><br>vs.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>    Respondents. | Case No.  EDCV 12-1218-PSG(AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION |

### Background[1]

In 2007, petitioner was convicted of two counts of committing a lewd act on a child under fourteen years of age, and one count of aggravated sexual assault of a child under fourteen years of age, in Riverside County Superior Court Case No. RIF109388. [Petition at 2]. Pursuant to the Three Strikes Law, petitioner was sentenced to state prison for a term of 25 years to life. [Petition at 2].

On October 22, 2010, petitioner filed a habeas petition in this Court challenging his 2007 conviction. Case No. EDCV 10-1627-PSG(AJW).

---

[1] Some of the following facts are obtained from the Court's files concerning petitioner's prior petitions.  The Court takes judicial notice of the contents of such official court files.  See Fed. R. Civ. P. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

The petition was denied on the merits on June 8, 2011. Petitioner did not appeal.

The present petition was filed on July 23, 2012. Like the petition previously filed by petitioner, this petition challenges the validity of petitioner's 1997 conviction and sentence in the Riverside County Superior Court. [Petition at 2].

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a second or successive petition may be filed. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Felker v. Turpin, 518 U.S. 651, 656-657 (1996). Absent authorization from the court of appeals, this court lacks jurisdiction over this second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir.), cert. denied, 519 U.S. 1102 (1997).

///
///
///

1      Because petitioner has not obtained leave from the Court of
2 Appeals to file a successive petition, this court lacks jurisdiction to
3 consider it.  Accordingly, the petition for a writ of habeas corpus is
4 dismissed for lack of jurisdiction.

6 Dated:     August 2, 2012

                                        _____
                                        Philip S. Gutierrez
                                        United States District Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| GABRIEL MIGUEL BROTONS, | ) |
| | ) |
| Petitioner, | ) Case No.  EDCV 12-1218-PSG(AJW) |
| | ) |
| vs. | ) |
| | ) |
| DANIEL PARAMO, Warden, et al., | ) JUDGMENT |
| | ) |
| Respondents. | ) |

**It is hereby adjudged** that the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

Dated: _____

_____
Philip S. Gutierrez
United States District Judge